UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


DIEGO NAJARRO,

      Petitioner,

v.                                                                          Case No. 3:26-cv-1323-MMH-PDB

WARDEN, BAKER CORRECTIONAL
INSTITUTION, et al.,

      Respondents.

_____

## **ORDER**

Petitioner Diego Andree Najarro Najarro, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1; Petition) on May 19, 2026.[1] According to Najarro, he is a citizen of Guatemala who entered the United States on November 7, 2016. Id. at 3. In November 2025, United States Immigration and Customs Enforcement detained Najarro. Id. at 4. The crux of Najarro's Petition is that he is not subject to mandatory detention under 8

---

[1] Najarro also filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction Enjoining Transfer or Removal (Doc. 2). On May 21, 2026, the Court granted in part Najarro's request for a temporary restraining order and enjoined Respondents from removing him from the Middle District of Florida through June 4, 2026. See Temporary Restraining Order (Doc. 4). The Court also notified the parties that it would consolidate consideration of the request for a preliminary injunction with an adjudication of the Petition on the merits and set a briefing schedule. See id.

U.S.C. § 1225(b)(2). <u>See</u> <u>id.</u> at 7–8. As relief, he seeks, <u>inter alia</u>, immediate release. <u>Id.</u> at 9.

Respondent Warden filed a Motion to Dismiss (Doc. 7), arguing he is not a proper respondent in this case. The Federal Respondents filed a Response to Petition for Writ of Habeas Corpus (Doc. 6; Response), asserting that Najarro is detained under 8 U.S.C. § 1226(a), and acknowledging that to the extent he seeks an individualized bond hearing, the Eleventh Circuit Court of Appeals' recent decision in <u>Hernandez Alvarez v. Warden, Federal Detention Center Miami</u>, 175 F.4th 1258 (11th Cir. 2026), controls this case. <u>See</u> Response at 1–2. Najarro filed a counseled Reply (Doc. 9; Reply). He asks the Court, among other things, to apply <u>Hernandez Alvarez</u> to his case and direct that he be released or be afforded an individualized bond hearing within seven days. Reply at 4–5.

When Najarro was detained in November 2025, he was not seeking entry at the border; therefore, he is not subject to § 1225 and instead is detained

2

under § 1226.[2] See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1.      Najarro's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[3]

---

[2] Insofar as the Federal Respondents argue that Najarro failed to exhaust his administrative remedies prior to filing this case, the Court rejects that argument. On March 12, 2026, an immigration judge denied Najarro's request for a bond hearing for lack of jurisdiction. See Petition at 4. The deadline to appeal that determination was April 13, 2026. See id. At that time, any appeal of the immigration judge's denial of bond based on lack of jurisdiction would have been futile, because the Board of Immigration Appeals ("BIA") had conclusively determined that immigration judges had no authority to consider bond requests from aliens like Najarro. See In re Yajure Hurtado, 29 I. & N. Dec. 216, 220–28 (BIA 2025). Because the BIA had "predetermined" the issue, requiring Najarro to pursue further administrative remedies before the Petition was filed would have been futile. McCarthy v. Madigan, 503 U.S. 140, 148 (1992) (recognizing that a petitioner need not exhaust administrative remedies if "the administrative body is shown to be biased or has otherwise predetermined the issue before it"); see, e.g., Fonseca v. Ripa, No. 3:26-cv-309-MMH-MCR, 2026 WL 1072778, at *2 (M.D. Fla. Apr. 21, 2026) ("Requiring [the petitioner] to appeal [the immigration judge's denial of his request for a custody redetermination] to the BIA or make any further administrative request for a bond hearing would be futile."); Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr., No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) ("Since the result of [the p]etitioner's custody redetermination and any subsequent bond appeal to the BIA is nearly a foregone conclusion under Matter of Yajure Hurtado, any prudential exhaustion requirements are excused for futility.").

[3] Because the Court finds that Najarro is entitled to relief on his assertion that Respondents are violating the Immigration and Nationality Act by classifying him under § 1225, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

Within **seven days** of this Order, Respondents shall either afford Najarro an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Najarro, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.    Respondent Warden, Baker Correctional Institution's Motion to Dismiss (Doc. 7) is **DENIED.** See, e.g., Fonseca, 2026 WL 1072778, at *4–5.

3.    Najarro's request for a preliminary injunction (Doc. 2) is **DENIED as moot**.

4.    The **Clerk** is directed to terminate any motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of June, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 6/9
c:    Counsel of record