UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DIEGO ANDREE NAJARRO NAJARRO,

Petitioner,

v. Case No. 3:26-cv-1323-MMH-PDB

WARDEN, BAKER CORRECTIONAL INSTITUTION, et al.,

Respondents.

# ORDER

Petitioner Diego Andree Najarro Najarro, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1). On June 9, 2026, the Court granted the Petition and directed Respondents to afford Najarro an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him within seven days. See Order (Doc. 10).

Before the Court is Najarro's Emergency[1] Motion to Enforce Order (Doc. 12; Motion). According to Najarro, although Respondents arranged a bond hearing on June 11, 2026, the hearing did not constitute the individualized

[1] Najarro's counsel filed the Motion as an "emergency" without explaining the nature of the exigency as required by Local Rule 3.01(f). Counsel is warned that, under Local Rule 3.01(f), "the unwarranted designation of a motion as an emergency can result in a sanction."

bond hearing required by the Court's Order. Id. at 1. He argues that the immigration judge's (IJ) bond order—which denied bond because Najarro is a danger to the community and a flight risk—does not reflect any particularized inquiry:

> The IJ's written order consists of pre-printed checkboxes—"danger to the community" and "flight risk"—accompanied by a single substantive sentence invoking Matter of Andrade's[[2]] proposition that limited relief prospects can reflect on flight risk. There are no factual findings about Mr. Najarro's criminal record (or lack therof), his community ties, his family circumstances his length of residence, his prior compliance with immigration proceedings, or any other factor bearing on danger or flight. The order does not identify what danger Mr. Najarro allegedly poses, to whom, or why. It does not explain why no bond amount would be sufficient.

Id. at 3–4. As relief, Najarro requests immediate release. Id. at 6.

The Court finds Najarro is not entitled to relief. Najarro largely complains about the brevity of the IJ's order. And, while the Court acknowledges its scantness, this fact, by itself, does not constitute evidence that the IJ failed to consider the evidence presented or to apply the law correctly. Cf. Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1289 (11th Cir. 2003) (determining that the mere fact the Board of Immigration Appeals (BIA) entered a one-sentence opinion "is no evidence that the BIA member did not

---

[2] 19 I&N Dec. 488 (BIA 1987).

review the facts of [petitioner's] case"). Moreover, Najarro does not assert that he was unable to present any evidence at the hearing or that the bond hearing had other alleged procedural deficiencies.[3]

Instead, it appears that the Motion is an inappropriate attempt to have the Court reweigh the evidence and grant release. If Najarro disagrees with the IJ's evaluation of the evidence, he may appeal the IJ's decision to the BIA.

Accordingly, it is **ORDERED** that Najarro's Emergency Motion to Enforce Order (Doc. 12) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of November, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 11/2
c: Counsel of record

[3] Najarro also asserts that "[t]he Eleventh Circuit in Hernandez Alvarez[ v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258 (11th Cir. 2026)] was explicit about what [an individualized bond hearing] means: the government bears the burden of proof, and the immigration judge must make individualized factual findings based on the specific detainee's circumstances." Motion at 3. The Court is well-acquainted with Hernandez-Alvarez. The opinion does not discuss the particularities of an individualized bond hearing.